| Fill in this information to identify the case: | |
|---|---|
| Debtor name | QXC Communications, Inc |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number (if known) | 25-12256 |

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy     04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

1. **Gross revenue from business**

   ☐ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|
   | **From the beginning of the fiscal year to filing date:**<br>From **1/01/2025** to **Filing Date** | ☐ Operating a business<br>■ Other — Gross Receipts or Sales | $613,264.08 |
   | **For prior year:**<br>From **1/01/2024** to **12/31/2024** | ☐ Operating a business<br>■ Other — Gross Receipts or Sales | $4,727,340.08 |
   | **For year before that:**<br>From **1/01/2023** to **12/31/2023** | ☐ Operating a business<br>■ Other — Gross Receipts or Sales | $3,702,873.18 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|
   | | |

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
   |---|---|---|---|

Debtor  QXC Communications, Inc                                    Case number *(if known)* 25-12256

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.1. | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19114-7346 | 1/28/2025 | $94,006.67 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other  Taxes |
| 3.2. | AT&T<br>PO Box 5019<br>Carol Stream, IL 60197 | 12/5/24 | $60,688.76 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other __ |
| 3.3. | NCTC<br>PO Box 414826<br>Kansas City, MO 64141 | 12/3/24 - $33,274.77,<br>12/16/24 - $33,035.55,<br>1/15/25 - $33,036.46,<br>1/24/25 - $33,036.46,<br>2/18/25 - $49,254.98,<br>2/21/25 - $33,587.00 | $215,225.22 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other __ |
| 3.4. | Investments Limited<br>215 N Federal Hwy, Ste 1<br>Boca Raton, FL 33432 | 12/4/24 - $8,614.17,<br>1/6/25 - $8,614.17,<br>1/15/25 - $9,764.65,<br>2/4/25 - $8,906.88,<br>2/21/25 - $9,764.65 | $45,664.52 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other  Rent |
| 3.5. | Newtek Capital<br>1981 Marcus Ave, Ste 130<br>Lake Success, NY 11042 | 1/3/25 | $46,000.00 | ■ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other __ |
| 3.6. | Internal Revenue Service<br>Attn: Special Procedures<br>P.O. Box 34045<br>Stop 572<br>Jacksonville, FL 32202 | 1/28/25 - $14,068.77<br>and<br>$79,937.90 | $94,006.67 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other __ |
| 3.7. | Nagra<br>5090 N 40th St, Ste 450<br>Phoenix, AZ 85018 | 2/24/25 - $12,000,<br>2/25/25 - $12,000,<br>2/26/25 - $10,000 | $34,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other __ |

Debtor  QXC Communications, Inc                                  Case number (if known) 25-12256

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|---|
| 3.8. | ISP Supplies | 2/7/25 - $15,244.01,<br>2/28/25 - $18,472.14 | $33,716.15 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>☐ Other__ |
| 3.9. | Comcast | 2/24/25 | $15,729.06 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.10. | Bank of America<br>PO Box 660441<br>Dallas, TX 75266-0441 | 2/24/25 | $12,026.40 | ☐ Secured debt<br>■ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other__ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None.

| | Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | John Von Stein, see Section 30 below<br>2857 NE 2nd Ave<br>Boca Raton, FL 33431 | | $0.00 | |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:   Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

Debtor  **QXC Communications, Inc**                                                    Case number *(if known)* **25-12256**

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Millennium QXC Holdings, LLC vs. QXC Communications, Inc. and John Von Stein**<br>**502024CA010088XXXAMB** | **Breach of Note** | **Circuit Court, Palm Beach Co, FL**<br>**205 N Dixie Hwy**<br>**West Palm Beach, FL 33401** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | **Greg Sterijevski vs. QXC Communications, Inc.**<br>**50-2025-SC-001217-XXXA-SB** | **Small Claims** | **County Court, Palm Beach Co, FL** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ■ None

### Part 4:   Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ■ None

   | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
   |---|---|---|---|

### Part 5:   Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ■ None

    | Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
    |---|---|---|---|

### Part 6:   Certain Payments or Transfers

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ☐ None.

Debtor  QXC Communications, Inc                                 Case number (if known) 25-12256

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | Shraiberg Page PA<br>2385 NW Executive Center Dr<br>Suite 300<br>Boca Raton, FL 33431 | Attorney Fees | 2/10/2025 | $100,000.00 |
| | Email or website address<br>jpage@slp.law | | | |
| | Who made the payment, if not debtor? | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ■ None.

    | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
    |---|---|---|---|

13. **Transfers not already listed on this statement**
    List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

    ☐ None.

    | | Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
    |---|---|---|---|---|
    | 13.1. | See attached | | | $0.00 |
    | | Relationship to debtor | | | |

### Part 7: Previous Locations

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

    ■ Does not apply

    | Address | Dates of occupancy From-To |
    |---|---|

### Part 8: Health Care Bankruptcies

15. **Health Care bankruptcies**
    Is the debtor primarily engaged in offering services and facilities for:
    - diagnosing or treating injury, deformity, or disease, or
    - providing any surgical, psychiatric, drug treatment, or obstetric care?

    ■ No. Go to Part 9.
    ☐ Yes. Fill in the information below.

    | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
    |---|---|---|

Debtor    QXC Communications, Inc                                    Case number (if known) 25-12256

### Part 9: Personally Identifiable Information

16. Does the debtor collect and retain personally identifiable information of customers?

    ■ No.
    ☐ Yes. State the nature of the information collected and retained.

17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?

    ■ No. Go to Part 10.
    ☐ Yes. Does the debtor serve as plan administrator?

### Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

    ■ None

    | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
    |---|---|---|---|---|
    | | | | | |

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

    ■ None

    | Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
    |---|---|---|---|
    | | | | |

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

    ■ None

    | Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
    |---|---|---|---|
    | | | | |

### Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

    ■ None

### Part 12: Details About Environment Information

For the purpose of Part 12, the following definitions apply:
  *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

  *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

Official Form 207          Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy          page 6

| Debtor | QXC Communications, Inc | Case number (if known) 25-12256 |
|---|---|---|

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

    ■ No.
    ☐ Yes. Provide details below.

    | Case title Case number | Court or agency name and address | Nature of the case | Status of case |
    |---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

    ■ No.
    ☐ Yes. Provide details below.

    | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
    |---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

    ■ No.
    ☐ Yes. Provide details below.

    | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
    |---|---|---|---|

**Part 13: Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

    ■ None

    | Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
    |---|---|---|

26. **Books, records, and financial statements**
    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
    ☐ None

    | Name and address | | Date of service From-To |
    |---|---|---|
    | 26a.1. | CohnReznick<br>2401 NW Boca Raton Blvd<br>Boca Raton, FL 33431-6632 | 2021 to present |

    26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

    ■ None

    26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

    ☐ None

    | Name and address | If any books of account and records are unavailable, explain why |
    |---|---|

Debtor   QXC Communications, Inc                                                  Case number (if known) 25-12256

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.   John Von Stein<br>2857 NE 2nd Ave<br>Boca Raton, FL 33431 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

### 27. Inventories
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| John Von Stein | 2857 NE 2nd Ave<br>Boca Raton, FL 33431 | CEO - Class A | 76.03% |
| Plamen Petkov | | Class B | 6.09% |
| Dr Richard Pitera | | Class B | 1.22% |
| Desmond Carr | | Class B | 10.57% |
| Tom Ward | | Class B | 4.06% |
| Michelle Duffy | 955 Walnut Terrace<br>Boca Raton, FL 33486 | Class B | 2.03% |

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

■ No
☐ Yes. Identify below.

| Debtor | QXC Communications, Inc | Case number (if known) | 25-12256 |
|---|---|---|---|

### 30. Payments, distributions, or withdrawals credited or given to insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
■ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1. | John Von Stein<br>2857 NE 2nd Ave<br>Boca Raton, FL 33431 | $45,458.60 | First Quarter 2024 | Salary |
| | **Relationship to debtor**<br>CEO | | | |

### 31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

### 32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   March 13, 2025

/s/ John Von Stein
Signature of individual signing on behalf of the debtor

John Von Stein
Printed name

Position or relationship to debtor   CEO

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☐ No
■ Yes



DUNS#: 07-9220254; Federal CAGE #: 7PES8; Federal Unique Identifier: FX1MGWYGEM48; NAICS CODES: 517111, 517121, 517810
Military DITCO Basic Agreement: HC1013-21-H-0020 8/17/2021; DITCO Telco / FCC Carrier Code: QXCC
FCC Registration Number (FRN): 0023449671, ARIN AS Handle: AS54488; OrgID: QC-91 IAC: QXM

December 31, 2024

**Board of Directors**
**Cypress Woods RV Resort Homeowners Association, Inc "("Cypress"),**

QXC Communications Inc ("QXC") has been in extended negotiations with certain potential purchasers of our business. As part of that process, QXC has recently executed a letter of intent with DigitalBridge ("DB"), a leading digital infrastructure private equity fund, with respect to the purchase of all QXC's operating assets. As part of the acquisition by DB, DB is specifically focused on QXC's existing contract with Cypress and ensuring the DB team and Cypress team are aligned on the acquisition and plans for the development of the Cypress community.

DB is aware that your current provider's contract expires on 2/28/2025. On or about that date, the ultimate transaction between DB and QXC will hopefully be nearing completion, but the buildout of the fiber infrastructure at Cypress will not be done by the requested contract expiration date.

As such, we are requesting pursuant to this letter to (i) assign the QXC BSA to another provider who can deploy the Cypress fiber infrastructure in a timely manner and (ii) amend the QXC BSA to revise the target deadline date and update the specifics with respect to the fiber network assets that will be deployed as part of the installation process. The assignment is allowed for as per section 29.b in the Bulk Telecommunication Installation and Service Agreement ("BSA") dated 10/2/2023.

b. <u>Assignability; Binding Effect</u>. This Agreement may not be assigned by the Association. The Company may assign this Agreement to any parent, affiliate, or subsidiary without the prior written consent of the Association. Otherwise, any assignment shall require the furnishing of reasonable documentation by the Company showing that the proposed assignee has sufficient and adequate resources to undertake the obligations, responsibilities, and liabilities of the Company hereunder and the Association's prior written consent.

QXC Communications, Inc
Mail: 102 NE 2nd Street, Box 136, Boca Raton, FL 33432
Shipping: 3785 N Federal Highway, Suite 205, Boca Raton, FL 33431
(561) 708-1500

**qxc**

DUNS#: 07-9220254; Federal CAGE #: 7PES8; Federal Unique Identifier: FX1MGWYGEM48; NAICS CODES: 517111, 517121, 517810
Military DITCO Basic Agreement: HC1013-21-H-0020 8/17/2021; DITCO Telco / FCC Carrier Code: QXCC
FCC Registration Number (FRN): 0023449671, ARIN AS Handle: AS54488; OrgID: QC-91 IAC: QXM

In keeping with the assignment paragraph above, QXC hereby providing notice to Cypress for the assignment and is happy to provide additional detail about the resources of the planned assignee as the Association's request. DB, and its operating company, Opticaltel, has adequate and immediate access to the resources to facilitate the deployment at Cypress and to maintain ongoing operations for the BSA. We would be happy to discuss the amendment to the BSA with respect to the updated delivery date for services and technical updates to reflect the market leading technical services provided by Opticaltel at your convenience. For your information, Opticaltel is the service provider for your neighbor to your north, Cypress Trail. If all goes as expected, Cypress will still be part of the family once QXC closes its deal with Digital Bridge.

If you have any questions, please feel free to contact me at 561.288.1200 or jvs@qxc.us

On behalf of:

| QXC Communications, Inc | Cypress Woods RV Resort Association, Inc |
|---|---|
| *[signed]* John Von Stein | *[signed]* |
| John Von Stein | Name: MICHAEL C M'ML |
| CEO | Title: President |
| 12.30.2024 | Date: 10 JAN 2025 |

## BILL OF SALE

KNOW ALL MEN BY THESE PRESENTS, that QXC Communications, Inc. ("**Seller**"), for and in consideration of the mutual covenants contained herein and in the Asset Purchase Agreement, dated as of January 23, 2025 (the "**Purchase Agreement**"), and other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, by Community Fiber, LLC ("**Buyer**"), the receipt of which is hereby acknowledged, does by these presents, irrevocably sell, convey, assign, transfer, and deliver unto Buyer, its successors and assigns, all right, title and interest in and to the assets listed on Schedule "A" attached hereto and by this reference made a part hereof, wherever such assets may be located and whether or not reflected on the balance sheet of Seller (the "**Assets**"). This Bill of Sale is made pursuant to the terms and conditions of the Purchase Agreement. All terms used but not otherwise defined herein shall have the meaning assigned to them in the Purchase Agreement.

TO HAVE AND TO HOLD, unto Buyer, its successors and assigns, FOREVER.

Seller hereby warrants, covenants and agrees with respect to the Assets that it, except as set forth in the Purchase Agreement: (a) is hereby conveying good and indefeasible title to the Assets, free and clear of any and all mortgages, liens, pledges, charges, claims, leases, restrictions or encumbrances of any nature whatsoever, except as set forth in the Purchase Agreement; (b) will forever warrant and defend the sale of, title to and right to possession of the Assets unto Buyer, its successors and assigns, against any and all claims and demands of any kind whatsoever; and (c) will take all steps necessary to put Buyer, its successors or assigns, in actual possession and control of the Assets.

Seller transfers all of the Assets in an "as is", "where-is" condition and there are no warranties, express or implied, that are not stated herein or in the Purchase Agreement.

Seller agrees that it shall execute and deliver or cause to be executed and delivered from time to time such instruments, documents, agreements, consents and assurances and take such other actions at Buyer's expense as Buyer reasonably may require more effectively to convey, transfer to and vest in Buyer and to put Buyer in possession of any of the Assets being sold, conveyed, assigned, transferred and delivered hereunder.

This Bill of Sale shall be binding upon Seller and its successors and assigns, and inure to the benefit of and be enforceable by Buyer and their successors and assigns.

IN WITNESS WHEREOF, the undersigned have caused this Bill of Sale to be duly executed as of January 23, 2025.

QXC Communications, Inc.

_____  1/17/2025
Name: John Von Stein
Title: CEO